## HOWARD *v.* SHORES.

UNDER the forty-seventh section of the Practice Act, a claim, to constitute a set-off, must be such that the party pleading it might obtain a several judgment against his adversary upon it; and this excludes a joint debt as a set-off against a several one.

To justify the allowance of a set-off of a joint debt due from plaintiff and another against the individual claim of plaintiff, upon equitable grounds, it is not sufficient to show that the joint debtors owe a considerable amount, and that their property is incumbered by judgments, mortgages and attachments, without showing that they are insolvent, or that the defendants are in danger of losing their demand.

APPEAL from the Ninth Judicial District.

Action to recover the amount due upon a promissory note, dated November 12th, 1857, made by defendants, payable one day after date to Asa Howard or order, for three hundred and thirty-six dollars, with interest at the rate of three per cent. per month.

The following is the material part of the answer of defendants :

" Said defendants allege that heretofore, to wit : at the county aforesaid, from some time in the year 1854 until since the month of April, 1861, the said plaintiff and his brother, David Howard, conducted and transacted business together as partners; that the business so conducted and transacted by them was multifarious, and consisted in farming and gardening, selling produce, raising stock,

buying and selling goods, and trading in other property, manufacturing and vending lumber, &c.; that said plaintiff and said David Howard represented themselves as partners in their said business, and transacted business upon the faith of such representations, and by the notoriety of their several acts, gave persons dealing with them to understand and know that they were partners as aforesaid; that they so dealt with these defendants in the accounts and transactions hereinafter mentioned; that said plaintiff and his said brother were in fact partners as aforesaid, and transacted business and kept accounts in the name and style of ' Howard & Brother.'

"And said defendants allege, that heretofore, to wit: at the county aforesaid, from long prior to the year 1856 until the present time, these defendants and Edmond Beau were partners in the business and operations of a grist mill and saw mill, under the name and style of ' Shores & Co.,' and admit that these defendants in respect to the same business were during that time as between themselves partners, under the style of ' Shores & Brother.'

" Said defendants aver, that said firm of ' Shores & Co.,' at sundry times between the month of October, 1857, and the month of May, 1861, at the special instance and request of said plaintiff and said David Howard, partners as aforesaid, performed labor for, and sold and delivered personal property to said firm of ' Howard & Brother,' to the amount and value of eight hundred and thirty-two dollars and eighty-four cents, as follows: Lumber, of the value of two hundred and eighty-four dollars and sixty-nine cents; grinding 1,803½ bushels of wheat, of the value of five hundred and thirty-five dollars and fifteen cents; forty-eight flour sacks, eight dollars; cleaning wheat, five dollars—all the items and particulars of which are fully set out in ' Exhibit A,' hereto annexed and made a part of this answer; that heretofore, and prior to the commencement of this action, said firm of ' Shores & Co.' assigned and transferred said account to these defendants, on a settlement between said firm and the said firm of ' Shores & Brother;' that these defendants are now the owners and holders thereof, and the same has been incorporated in the demand of these defendants against said firm of ' Howard & Brother,'" as set forth in said exhibits.

"And for further defense, said defendants allege, that between the first day of January, 1858, and the twenty-first day of August, 1861, there was and is a mutual open and current account between these defendants and said firm of ' Howard & Brother,' which is correctly stated in ' Exhibit B,' hereto annexed and made a part of this answer; that during that period, these defendants, at the instance and request of said ' Howard & Brother,' sold and delivered to them articles of property of the value of thirty-three dollars and thirty-five cents, paid to them two hundred and sixty-five dollars in cash, and at their request and for their use two hundred and seven dollars, as more fully appears in said ' Exhibit B ; ' that there is a balance due from said plaintiff and said David Howard to these defendants upon said two accounts, stated in said ' Exhibits,' of five hundred and ninety-three dollars and sixty-eight cents, applicable to the payment and extinguishment of said promissory note, and these defendants pray the Court by its judgment to allow and apply the credits of said accounts at the various dates thereof to the payment of said plaintiff's demand; and to equate the interest thereon; and said defendants urge the said demands, stated in said exhibits, as a set-off and counter claim to said plaintiff's demand, in case the Court does not allow the same as payments.

"And said defendants aver that said plaintiff has been at all times fully cognizant of the said demands of these defendants against him and his said partner, and as these defendants believe, has held his said demand, until recently, subject to a just settlement of said claim against them; and said defendants aver that said plaintiff's demand being a promissory note for three hundred and thirty-six dollars, was executed in final satisfaction of another antecedent note of these defendants, which had been purchased, as these defendants believe, with the joint means of said 'Howard & Bro.,' and was held by said plaintiff for the use of the said firm; and these defendants further allege, on their information and belief, that said firm of ' Howard & Bro.' are indebted to a considerable amount, and that their property is incumbered by judgments, mortgages and attachments to a large amount; that said plaintiff, contriving and intending to hinder and defraud the creditors of said firm of ' Howard & Bro.,' claims to be the sole owner of a

considerable portion of their common property, and now denies their said long acknowledged and notorious partnership; and that these defendants will be without any effectual remedy for their said demand, if the same is not allowed in defense to this action.

"Wherefore they ask the equitable interposition of this Court to that end, and that justice may be done."

An exhibit of the indebtedness from Howard & Brother to defendants is attached to the answer.

Plaintiff demurred to the answer, on the ground that it contained no defense. The demurrer was sustained, and defendants declining to amend, plaintiff had judgment for the amount of note and interest, from which judgment the appeal is taken.

*H. O. & W. H. Beatty*, for Appellants.

I.   Defendants owed Asa Howard on the note, in round numbers, eight hundred dollars, and Asa Howard and his partner owed defendants five hundred and ninety-three dollars and sixty-eight cents, which was past due. Every partner is severally liable for the debts of the partnership of which he is a member. The firm of which Asa Howard was a member having failed to pay their debt at maturity to defendants, Asa Howard became, was, and is severally liable in point of law, and in *foro consientiæ*, for the debt. He was and is just as much bound to pay that debt as if it had been originally his individual debt.

The reason, then, why such a debt might not be set off against the individual demand of Asa Howard arises, not from any want of natural justice in such a course, nor because Asa Howard was not individually bound, but solely from the complexity of affairs produced by such set-off, which Courts ordinarily endeavor to avoid. But when a failure to allow such set-off will endanger defendant's claim, or otherwise subject him to great inconvenience, the Courts of Equity overcome their repugnance to such a course, and allow the set-off.   (*Sampson Simeon* v. *Joel Hart*, 14 Johns. 63 ; Bull, N. P. 336–2 ; H. Bl. 587 ; 4 Tenn. Rep. 123.)

II.   The answer shows, in the first place, the insolvency, or probable insolvency, of the firm ; and Asa Howard being in that case individually liable for all the debts of the firm, it would have

been setting off a debt due from him against one due to him, and not a joint against a several debt.

In the next place, if it was true that the note was purchased with the joint funds of Asa and David Howard, and held for the use of the firm, it was really the joint property of the firm, and a debt due from the firm to defendants might be set off against it, whether the firm was insolvent or not. And this is more especially true if the defendants had been led by the plaintiff to believe, as seems to be charged in the answer, that the note was held subject to a joint settlement of accounts.

*Hereford & Williams*, for Respondent, cited Practice Act, sec. 47; 7 Barb. Rep. 104; 23 Wend. 528.

COPE, J. delivered the opinion of the Court—FIELD, C. J. and NORTON, J. concurring.

The suit is upon a promissory note, and the answer sets up an indebtedness against the plaintiff and his brother as a set-off. On demurrer, the Court held that the indebtedness could not be pleaded as a set-off against the note, and entered judgment for the plaintiff. The defendants appeal, and contend that the decision of the Court upon the demurrer was erroneous.

The law of set-offs is a matter of statutory regulation, and the correctness of the decision depends upon the construction to be given to the statute. The forty-seventh section of the Practice Act provides that the claim to be set off shall be a demand "existing in favor of the defendant or plaintiff, and against a plaintiff or defendant, between whom a several judgment might be had in the action." In other words, that the claim shall be such that the party pleading it might obtain a several judgment against his adversary upon it; and this undoubtedly excludes a joint debt as a set-off against a separate debt. In this case, the defendants seek to set off a debt of the plaintiff and his brother against a debt due to the plaintiff alone, and it is clear that the statute gives them no right to do so.

The facts stated are not sufficient to justify the allowance of the set-off upon equitable grounds. It is alleged that the parties are

indebted to a considerable amount, and that their property is incumbered by judgments, mortgages and attachments; but this does not show that they are insolvent, or that the defendants are in any danger of losing their demand.

Judgment affirmed.